COUNTY OF LINCOLN, APPELLEE, V. ELOISE H. EVANS ET AL., APPELLANTS.

173 N. W. 2d 365

Filed December 19, 1969. No. 37311.

Jess C. Nielsen of Crosby & Nielsen, for appellants.

W. R. Mullikin and Donald V. Lowe, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

This is an action to foreclose tax sale certificates purchased by plaintiff county at a private tax sale on March 4, 1964. Subsequent to the sale, tax sale certificates were executed and issued by the county treasurer. The property sold was that of defendants. After retention of the certificates for 2 years from the date of sale, an

action of foreclosure was commenced. On discovery of the fact that the county treasurer had not affixed his official seal to the certificates, the action was dismissed without prejudice. The county treasurer's official seal was thereafter affixed to the certificates and this action was commenced on November 22, 1966. Decree of foreclosure was entered on March 6, 1969, in the district court. The judgment of the district court is affirmed.

In their appeal, defendants urge two grounds of error. Their first contention is that the county attorney of plaintiff county was not authorized to bring the foreclosure action. The record discloses that on September 8, 1964, and again on May 9, 1966, a resolution was adopted by the county board of commissioners of plaintiff county authorizing and directing the county attorney "* * * to foreclose, in the name of said county, all Certificates of Tax Sale, the real estate for which and the subsequent taxes for which were heretofore purchased in the name of said county at private sale * * *." It is apparent that the certificate upon which the present action is based was one of those referred to in these resolutions and that the resolutions conferred sufficient authority upon the county attorney to bring this action.

The second ground upon which defendants challenge the judgment of the trial court is that the county treasurer's seal not having been affixed to the tax sale certificates at the time of issuance, the certificates are void and unenforceable. In this regard, defendants call attention to section 77-1857, R. R. S. 1943, which provides in part: "Each county treasurer shall attach an impression of such seal to every certificate of tax sale and tax deed made by him." On its face, this provision of the statute appears to be clear. Yet, statutes in pari materia must be considered together. Section 77-1838, R. R. S. 1943, provides that a tax deed shall be given under the official seal of the county treasurer and acknowledged by the treasurer, that when so executed and acknowledged, it shall be recorded and when re-

corded, such deed shall vest title in the grantee. Section 77-1839, R. R. S. 1943, sets out the form of the tax deed and concludes with a statement that it is given under the "hand and *official seal*" of the county treasurer. (Emphasis supplied.) It is apparent that in the case of a tax deed, the affixing of the county treasurer's official seal is necessary to the validity of the tax deed.

A different situation and a different legislative intent are evidenced by the provisions dealing with tax sale certificates. Section 77-1818, R. R. S. 1943, provides that a tax sale certificate: "* * * shall be signed by the treasurer, in his official capacity, and shall be presumptive evidence of the regularity of all prior proceedings. The purchaser acquires a perpetual lien of the tax on the land, and if, after the taxes become delinquent, he subsequently pays any taxes levied on the same, whether levied for any year or years previous or subsequent to such sale, he shall have the same lien for them, and may add them to the amount paid by him in the purchase." Section 77-1819, R. R. S. 1943, sets out the form of the tax sale certificate to be issued and concludes with the following language: "In witness whereof, I have hereunto set my hand this _____ day of _____, A.D. 19_____." There is no requirement in these statutes that the treasurer's official seal be affixed to the certificate. Indeed, there is not even a reference in these statutes to such official seal, but it does state that after it has been signed by the treasurer in his official capacity, it is presumptive evidence of the regularity of all prior proceedings and the purchaser has acquired the tax lien on the land sold. It appears that this statute is somewhat contradictory of section 77-1857, R. R. S. 1943. However, the direction by the Legislature that a county official shall perform a certain act and the effect of his failure to perform such act are two different things. The Legislature has directed the affixing of a county treasurer's official seal on tax sale certificates, but it is evident that unlike tax deeds, the Legislature has not made

the validity of a tax sale certificate dependent upon the affixing of the county treasurer's official seal. We find that the omission from a tax sale certificate of such seal is simply an irregularity and does not render the tax sale certificate void or unenforceable.

The judgment of the district court is affirmed.

AFFIRMED.